**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Curtis W. Suderman,** | ) | **CASE NO. 1:09 CV 2104** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Kennametal Inc., et al.,** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 4). This is an Employee Retirement Income and Security Act of 1974 (hereinafter "ERISA") dispute. For the following reasons, defendants' motion is GRANTED.

**FACTS**

Plaintiff, Curtis W. Suderman, brings this action against defendant, Kennametal, Inc. (hereinafter "Kennametal"), a metal cutting tool manufacturer, and defendant, Barbara Vito (hereinafter "Vito"), a human resources director at Kennametal. Plaintiff was employed by Kennametal as a precision grinding specialist from February 4, 1980 until defendants allegedly

1

terminated his employment at some point after September 1, 2007.  Plaintiff alleges that during his tenure at Kennametal he experienced extreme job pressure.  He was unable to obtain the assistance that he required to operate machinery.  He additionally alleges that his boss threatened him with physical violence and defendant Vito harassed him.  Plaintiff alleges that on May 27, 2007, these circumstances culminated in a severe emotional injury including severe depression, panic, and post-traumatic stress disorder that rendered him unable to work.

Plaintiff first entered a short-term disability plan.  On September 1, 2007, plaintiff entered a long-term disability (hereinafter "LTD") plan funded, sponsored, and administered by Kennametal (hereinafter "Plan").  Defendants attached the LTD Plan to their motion to dismiss.[1]  The certificate of coverage for the LTD Plan attaches a document entitled "ERISA Information," which indicates that the LTD Plan is an Employee Welfare Plan governed by ERISA and Kennametal is the Plan administrator.  The Plan benefits are defined in the certificate of coverage as a percentage of predisability earnings.  (LTD Plan at 1.)

Plaintiff alleges defendant Kennametal intentionally interfered with the timely payment of his LTD benefits by causing long delays in benefit payments during 2008 and 2009.  Upon plaintiff's demand for an explanation for the delay, plaintiff alleges that the LTD Plan administrator provided him with an employee performance review evaluation from 2004 instead of an explanation for the delay or a resumption in benefits.  Plaintiff further alleges that after he entered the LTD Plan defendants terminated his employment, which plaintiff asserts limited his

---

[1] Attaching the LTD Plan to the motion to dismiss does not, in this instance, convert it to a motion for summary judgment.  The LTD Plan is referred to in the complaint and is central to plaintiff's claim.  *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997).

eligibility to 24 months of LTD benefits instead of the 60 months of benefits he would have been entitled to if he had remained employed by Kennametal.

The complaint contains two claims for relief.  Count one is a claim for a violation of 29 U.S.C. § 1140, which prohibits an employer from taking adverse action against an employee for exercising rights under ERISA or from interfering with an employee attaining rights under a plan governed by ERISA.  Count two is a claim for violations of 29 U.S.C. §§ 1021, 1024, and 1025, which relate to disclosure obligations of ERISA plan fiduciaries.  Plaintiff is seeking compensatory and punitive damages, interest, costs, and attorney fees.

Defendants now move to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failing to state a claim, arguing that plaintiff failed to exhaust his administrative remedies, plaintiff is not entitled to compensatory and punitive damages for either claim, plaintiff would have been entitled to only 24 months of LTD benefits even if he was not terminated, plaintiff failed to allege defendant Vito was a Plan administrator or had control over the LTD Plan or underlying funds, and that the information plaintiff demanded from the Plan administrator is not the type of information that 29 U.S.C. §§ 1021, 1024, and 1025 require an ERISA fiduciary to provide.  Plaintiff opposes the motion.

**STANDARD OF REVIEW**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  In construing the

complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

**ANALYSIS**

**A.      Interference Claim Under 29 U.S.C. § 1140**

ERISA prohibits an employer from taking adverse action against an ERISA plan participant for exercising an ERISA right and from interfering with an employee attaining rights under the plan. 29 U.S.C. § 1140. In this case plaintiff alleges an interference violation.[2] The

---

[2] Plaintiff's complaint alleges only that defendants interfered with his LTD benefits. In his opposition brief, plaintiff cites the standard for an interference violation, claims that the same standard applies to a retaliation violation, and refers several times to retaliation in conjunction with interference. (*See, e.g.,*Opposition Brief (hereinafter "Opp. Br.") at 1("interfere and/or retaliate"), 7 ("interference/retaliation").) Plaintiff does not appear to distinguish between the two types of claims. The standard for a retaliation claim, however, is different. To establish a claim for retaliation in violation of § 1140, an employee must show that he was engaged in an activity that ERISA protects; he suffered an adverse employment action; and a causal link exists between his protected activity and the employer's adverse action. *Hamilton v. Starcom Mediavest Gp., Inc.,* 522 F.3d 623, 628 (6th Cir. 2008). To the extent that plaintiff is now attempting to allege a retaliation claim based on plaintiff's alleged termination, that claim fails because plaintiff is unable to show a causal link between plaintiff exercising his right to receive LTD benefits and plaintiff's termination, as plaintiff

relevant language of § 1140 is as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001 [29 U.S.C. § 1201], or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act.

To establish a claim for an interference violation of § 1140, "an employee must show that the employer engaged in prohibited conduct for the purpose of interfering with the employee's attainment of any right to which he may become entitled under an ERISA-protected plan." *Coomer v. Bethesda Hospital, Inc.,* 370 F.3d 499, 506 (6th Cir. 2004) (citing *Roush v. Weastec, Inc.,* 96 F.3d 840, 845 (6th Cir. 1996)). *See also Marks v. Newcourt Credit Gp.,* 342 F.3d 444 (6th Cir. 2003) (affirming district court's decision to dismiss claim under 29 U.S.C. § 1140 for failing to state the prima facie case).

Remedies for a violation of § 1140 are pursuant to 29 U.S.C. § 1132. Plaintiff states in his opposition that he is seeking relief only under § 1132(a)(2). (Opp. Br. at 11.) Under § 1132(a)(2), a civil action may be brought by a participant or beneficiary for appropriate relief under 29 U.S.C. § 1109, which states in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to

---

would have only been entitled to 24 months of LTD benefits even in the absence of his termination. *See infra* at A.2. The Court notes that defendants argue in reply that the retaliation claim, to the extent it exists at all, fails because plaintiff did not allege that he gave information or testimony in a proceeding relating to ERISA. Defendants are incorrect. Plaintiff is not required to make any allegations regarding giving of information or testimony in an ERISA proceeding to state a claim for retaliation.

>such plan any losses to the plan resulting from each such breach,
>and to restore to such plan any profits of such fiduciary which have
>been made through use of assets of the plan by the fiduciary, and
>shall be subject to such other equitable or remedial relief as the
>court may deem appropriate, including removal of such fiduciary.
>A fiduciary may also be removed for a violation of section 411 of
>this Act [29 U.S.C. § 1111].

29 U.S.C. § 1109(a).

The complaint alleges two acts of interference: delay in payment of benefits to plaintiff and terminating plaintiff to avoid paying additional benefits.[3] Although not entirely clear from the complaint, plaintiff states in his opposition that he is seeking relief under § 1132(a)(2) because defendant Vito, allegedly a Plan fiduciary, took actions that interfered with plaintiff's benefits for the purpose of "unjustly protect[ing] plan funds." Thus plaintiff appears to be alleging that defendants breached their fiduciary duty under 29 U.S.C. § 1109 by interfering with his LTD benefits in violation of 29 U.S.C. § 1140.

### 1. Delay in payment of benefits

The complaint contains a single allegation regarding delay:

>After the Plaintiff entered the LTD program, Defendant
>Kennametal interfered with the timely payment of the Plaintiff's
>LTD benefits intentionally causing long delays in 2008-2009
>payments worth about $5760.00/year.

(Cmplt. ¶ 11.) Plaintiff alleges only that these particular benefits were delayed and does not allege that he never received the benefits. In fact, plaintiff's opposition brief specifically states that he is seeking compensatory and punitive damages under 29 U.S.C. § 1132(a)(2) for breach

---

[3] Although plaintiff's complaint does not expressly state that defendants terminated plaintiff for the purpose of interfering with the payment of plaintiff's LTD benefits, the Court finds that such an inference is warranted based on the allegations in the complaint.

6

of fiduciary duty because the payments were delayed, and that he is not seeking recovery under § 1132(a)(1)(B) for benefits due.

Plaintiff argues that 29 U.S.C. § 1132(a)(2) allows recovery of individual losses for a breach of fiduciary duty affecting the entire plan, and that the law under § 1132(a)(2) is currently evolving in favor of increasing an individual's rights under the statute. Plaintiff additionally argues that any fiduciary misconduct will always affect the entire plan, even if the misconduct is directed toward a single employee.

Defendants respond that damages under § 1132(a)(2) are available only for injuries to the plan, and not for individual injuries. Defendants argue that recent case law allowing individual recovery under § 1132(a)(2) for breaches of fiduciary duty is applicable only to defined contribution plans that contain individual accounts. Defendants also argue that the breaches of fiduciary duty allowing individual recovery relate to misuse and mismanagement of plan assets by plan administrators, and not to delays in payment as plaintiff alleges in this case.

Upon review, the Court agrees that in these circumstances damages under 29 U.S.C. § 1132(a)(2) are available only for plan injuries and not for plaintiff's individual injuries. A fiduciary who breaches an ERISA-imposed duty is liable under 29 U.S.C. § 1109(a) to the plan for any losses sustained by the plan due to misuse of its assets. Section 1109(a) does not render a fiduciary liable to an individual for delays in benefit payments. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148 (1985). In *Russell,* the plaintiff was a beneficiary of two employee benefit plans governed by ERISA. *Id.* at 136. The plaintiff became disabled and received benefits under the plans until her employer's disability committee terminated those benefits. *Id.* Plaintiff requested a review of the committee's decision. Approximately five

7

months after her employer terminated her benefits, it reinstated them and she received retroactive benefits in full.  *Id.*  The plaintiff sued claiming she was injured by the improper refusal to pay benefits during that five-month time period and that the plans' fiduciaries deliberately delayed processing her claim.  *Id.* at 137.  The Ninth Circuit Court of Appeals reversed the district court's holding that ERISA bars claims for extra-contractual damages arising out of a claim denial and subsequent review.  *Id.*  The Court of Appeals held that the 132 days the employer took to process the plaintiff's claim violated "the fiduciary's obligation to process claims in good faith and in a fair and diligent manner," and that such a violation gave rise to a cause of action under 29 U.S.C. § 1109(a) that could be asserted by a plan beneficiary under 29 U.S.C. § 1132(a)(2).  *Id.* at 137-138.  The Court of Appeals also held that compensatory and punitive damages were available under § 1109(a).  *Id.* at 138.

The Supreme Court reversed the Court of Appeals on both holdings.  After an extensive discussion of the text, legislative history, and available remedies of ERISA, the Supreme Court concluded:

> Thus, the relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in [29 U.S.C. § 1109(a)] Congress did not provide, and did not intend the judiciary to imply, a cause of action for extracontractual damages caused by improper or untimely processing of benefit claims.

*Id.* at 148. In reaching this holding, the Court noted that "[a] fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than the rights of an individual beneficiary."  *Id.* at 142.  Thus, individuals may not recover compensatory or

punitive damages for delays in receiving benefits under 29 U.S.C. § 1132(a)(2).[4]

Plaintiff cites *LaRue v. DeWolff, Bobery & Assocs., Inc.,* 552 U.S. 248, 128 S. Ct. 1020 (2008) and *Tullis v. UMB Bank, N.A.,* 515 F.3d 673 (6th Cir. 2008) for the proposition that individuals can recover damages under 29 U.S.C. § 1132(a)(2). These more recent cases, however, are distinguishable. First, those cases involve defined contribution retirement savings plans that contain individual accounts to which individual plan participants contribute, as opposed to the long-term disability plans having defined benefits at issue here and in *Russell*. Second, the alleged fiduciary misconduct at issue in *LaRue* and *Tullis* involved activities related to the misuse of actual plan assets, not the delay in distribution of benefits to an individual participant.

The plaintiff in *LaRue* sued his former employer, alleging that he directed the employer to make certain changes to the investments in his individual account within the employer's ERISA-regulated 401(k) savings plan, and the employer failed to carry out these directions. *LaRue,* 128 S. Ct. at 1021. The plaintiff claimed that the employer's failure to implement the changes depleted the plaintiff's interest in the plan by $150,000 and was a breach of fiduciary duty. *Id.* at 1023. The plaintiff sought damages to be paid into his individual plan account under 29 U.S.C. § 1132(a)(2), but the Fourth Circuit Court of Appeals rejected that argument based on the Supreme Court's holding in *Russell* that individual relief is unavailable under § 1132(a)(2).

The Supreme Court vacated the Court of Appeals' opinion, holding that "although [29

---

[4] The Supreme Court pointed out that even the statutory provision that allows recovery of accrued benefits, 29 U.S.C. § 1132(a)(1)(B), does not provide for the recovery of extracontractual damages, and thus "there really is nothing at all in the statutory text to support the conclusion that such a delay gives rise to a private right of action for compensatory or punitive relief." *Russell,* 473 U.S. at 144.

U.S.C. § 1132(a)(2)] does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." *Id.* at 1026.  The Supreme Court reasoned that in the case of plans that pay a fixed benefit based on a percentage of the employee's salary, such as the one at issue in *Russell* and in this case, violations of fiduciary duty only affect an individual's entitlement to benefits if the misconduct creates or enhances the risk of default by the entire plan, thus the plan "is the victim of any fiduciary breach and the recipient of any relief."  *Id.* at 1024-25.  But in a defined contribution plan, such as the plans at issue in both *LaRue* and *Tullis*, fiduciary misconduct has the potential to diminish plan assets payable to an individual without threatening the solvency of the entire plan.  *Id.*  Additionally, the Supreme Court confirmed that *Russell* is still the standard for plans that pay a fixed benefit based on the employee's salary:  "[O]ur references to the 'entire plan' in *Russell*, *which accurately reflect the operation of [29 U.S.C. § 1109] in the defined benefit context*, are beside the point in the defined contribution context."  *Id.* (emphasis added).

Accordingly, plaintiff has failed to state a claim upon which relief can be granted as to the delay in the payment of his LTD benefits.

### 2.     Terminating plaintiff to avoid paying benefits

Defendants argue that plaintiff's interference claim fails because plaintiff would have been entitled to only 24 months of LTD benefits if he had not been terminated, as plaintiff's disability is a mental disorder.  Plaintiff, therefore, cannot show that defendants' alleged termination of his employment interfered with any rights to which plaintiff would have become entitled under the LTD plan.  Defendants also argue that plaintiff failed to allege that he

exhausted his administrative remedies, the compensatory and punitive damages plaintiff is seeking are unavailable to remedy an interference violation, and plaintiff failed to allege sufficient facts to show defendant Vito had the requisite control over the LTD benefits or the underlying funds to be held liable.

Plaintiff argues that his disability is not a mental disorder. Rather, he argues that it is the symptoms of severe depression and post-traumatic stress disorder that cause his disability, and that his disability is in fact a "sickness" as defined by the LTD Plan. Plaintiff further argues that he is not required to exhaust his administrative remedies because exhaustion applies only to claims under 29 U.S.C. § 1132(a)(1)(B) claims, and there are no administrative remedies to exhaust for being terminated for the purpose of interfering with plan benefits. Additionally, plaintiff argues that defendant Vito should not be dismissed from this action, as her actions as alleged in the complaint are consistent with exercising control over plaintiff's LTD benefits.

Upon review, the Court finds that under the LTD Plan, plaintiff would have been entitled to only 24 months of benefits if defendants did not terminate his employment as alleged. The LTD Plan limits benefit payments to 24 months if the disability is due to a mental or nervous disorder. (LTD Plan at 2, 6, 16.) Plaintiff's attempt to argue that his disability is not due to a mental disorder is disingenuous at best. The complaint alleges that plaintiff suffered a "severe emotional injury," that his condition "includ[es] severe depression and panic," and that he "currently suffers from post-traumatic stress disorder." Plaintiff alleges no other disability. His argument that he actually suffers from a "sickness" and would have therefore been entitled to 60

11

months of benefits is unavailing.[5] "Sickness" is not defined by the Plan but is rather subsumed within the definition of "disability." (LTD Plan at 7 ("'Disabled' or 'Disability' means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis[.]").) The Plan includes mental and nervous disorders in the definition of "disability." (LTD Plan at 16 ("Monthly benefits are limited to 24 months during your lifetime if you are Disabled due to a: (1) Mental or Nervous Disorder or Disease, unless the Disability results from: (a) schizophrenia; (b) bipolar disorder; (c) dementia; or (d) organic brain disease.").)

The Court finds that plaintiff cannot show that defendants terminated plaintiff for the purpose of interfering with his LTD benefits, because plaintiff was only entitled to 24 months of LTD benefits. The Court finds it unnecessary to reach defendants' remaining arguments for dismissal. Accordingly, count one of the complaint is dismissed as to both defendants.

**B.      Failure to Disclose Claim Under 29 U.S.C. §§ 1021, 1024, and 1025**

As an initial matter, despite the allegations in the complaint, the parties appear to agree that 29 U.S.C. § 1025 is inapplicable to the LTD Plan, thus this claim will be analyzed under the relevant provisions of 29 U.S.C. §§ 1021 and 1024 only.

ERISA requires certain documentation to be provided to plan participants and beneficiaries. These requirements are governed by 29 U.S.C. §§ 1021 and 1024. A plan administrator must provide the following documents at statutorily designated times: the summary plan description, the plan funding notice (for defined benefit plans), and the schedules

---

[5] It is unclear how plaintiff derives the 60-month limitation on benefits from the Plan, but for purposes of a motion to dismiss the facts alleged in the complaint are presumed true.

12

and statements necessary to summarize the latest annual report. 29 U.S.C. §§ 1021(a) and (f), 1024(b)(1) and (3). A plan administrator must provide the following documents upon written request of any participant or beneficiary: the latest updated summary plan description, the latest annual report, any terminal report, and the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. 29 U.S.C. § 1024(b)(4).

Remedies for a plan administrator's failure to comply with these provisions are found in 29 U.S.C. § 1132(c)(1)(B), which authorizes statutory damages:

> [A plan administrator] who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Defendant argues that plaintiff does not state a claim for failure to disclose Plan information because plaintiff does not allege that he was not provided with a summary Plan description, annual report, or funding notice at the statutorily designated times, nor does he allege that he made a written request for any other specific documentation the Plan administrator is required to provide upon request. Defendant further argues that compensatory and punitive damages are not available for a failure to disclose violation, that defendant Vito is not the Plan administrator and thus cannot be liable for a failure to disclose violation, and that any claim for a failure to disclose violation that occurred prior to September 11, 2008 must be dismissed as untimely because the statute of limitations has expired.

13

Plaintiff responds that he requested ERISA plan information as to why his benefits were not being paid, and that he is not required to plead that he made a written request for information because that is a trial evidence requirement. Plaintiff also asserts that the damages referred to in the complaint refer to the fine under 29 U.S.C. § 1132, and that he is also entitled to damages for "real losses" stemming from the prejudice to his ability to enforce his rights that was created when defendants failed to disclose the requested information. Finally, he states that defendant Vito qualifies as a Plan administrator based on her conduct.

Upon review, the Court finds that defendants are not obligated under 29 U.S.C. §§ 1021 and 1024 to provide plaintiff with the information he alleges that he requested. Plaintiff alleges the following:

> When the Plaintiff demanded an explanation for the delay in payment of benefits, the Defendant's LTD plan administrator sent him an employee performance review evaluation from 2004 instead of an explanation or resumption in benefits. (Cmplt. ¶ 11.)
>
> The Plaintiffs (sic) demand for information about his LTD status and the reason for his termination in his own right and through counsel has been ignored by the Defendant employer. (Cmplt. ¶ 14.)

Plaintiff reiterates this in his opposition brief: "Plaintiff made a request for ERISA plan information to Kennametal administrators about why he was not being paid LTD benefits, and did so himself and through legal counsel." (Opp. Br. at 13.)

An explanation for a delay in benefits, however, is not a summary Plan description, a Plan funding notice, or schedules and statements necessary to summarize the latest annual report, thus defendants are not required to provide an explanation for a delay in payments under 29 U.S.C. § 1021(a) and (f) or under § 1024(b)(1) and (3). An explanation for a delay in benefits is

14

also not the type of information included in the documents that the Plan administrator is required to provide upon written request pursuant to § 1024(b)(4).  Documents that must be provided under this provision are only the enumerated documents, with "other instruments under which the plan is established or operated" being limited to only "those class[es] of documents which provide a plan participant with information concerning how the plan is *operated.*"  *Allinder v. Inter-City Products Corp.,* 152 F.3d 544, 549 (6th Cir. 1998) (holding a claim form was not a document that plan administrator was required to provide under 29 U.S.C. § 1024(b)(4)) (emphasis in original).  A request for information as to why a particular participant's individual benefits are delayed is not an instrument under which the plan is established or operated, nor can it be construed as a document containing information on how the plan is operated.  It is more akin to information involved in day-to-day claims processing, such as the claim form at issue in *Allinder.*  As defendants had no obligation under 29 U.S.C. §§ 1021 and 1024 to provide this information regardless of whether plaintiff made a written request, the Court finds it unnecessary to reach defendants' remaining arguments for dismissal.  Accordingly, count two of the complaint is dismissed as to both defendants.

**C.    Leave to Amend**

Plaintiff in his opposition alternatively requests leave to amend the pleadings should the Court determine the pleadings are defective.  The Court cannot conceive of any additional facts that plaintiff could allege under these circumstances that would prevent these claims from being dismissed given that plaintiff is not entitled to damages for a delay in benefit payments, is not entitled to more than 24 months of LTD benefits under the Plan even in the absence of termination, and is not entitled to the information he demanded of defendants under ERISA.  The

Court finds that amendment would be futile, thus leave to amend is denied.

### **CONCLUSION**

For the reasons set forth above, defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 12/10/09